107 F.3d 2
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Alfred Perry EVANS, Plaintiff-Appellant,
v.
UNITED STATES POSTAL SERVICE; Marvin T. Runyon, Postmaster
General, Defendants-Appellees.
 No. 95-6253.
 United States Court of Appeals, Second Circuit.
 Jan. 17, 1997.
 
 APPEARING FOR APPELLANT: Alfred P. Evans, pro se, Glen Cove, New York
 APPEARING FOR APPELLEE: Tracey L. Salmon Assistant United States Attorney Brooklyn, New York
 Before WALKER, MCLAUGHLIN and CUDAHY,* Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York (Spatt, J.), and was argued.
 
 
 1
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.
 
 
 2
 Plaintiff Alfred Perry Evans appeals pro se from a judgment of the United States District Court for the Eastern District of New York dismissing his Title VII and breach of contract claims. Plaintiff was a letter carrier for the United States Postal Service at the Glen Cove, New York branch. As a letter carrier, he was a member of the National Association of Letter Carriers (the "Union"), which is the employees' collective bargaining representative.
 
 
 3
 On May 7, 1993, a verbal dispute occurred between Evans and another postal employee and Evans threatened the employee with physical violence. As a result of this incident and Evans's past disciplinary problems, Evans was terminated from the United States Postal Service. Evans objected to his termination and the Union took his grievance to arbitration as specified in the collective bargaining agreement.
 
 
 4
 On October 27, 1993, an arbitrator denied plaintiff's grievance and found that just cause existed for plaintiff's removal based on the verbal abuse and threat of physical violence directed at another postal employee and plaintiff's past disciplinary problems.
 
 
 5
 On September 8, 1994, plaintiff filed a complaint in federal district court alleging discrimination based on race and national origin by the United States Postal Service and the Postmaster General (collectively the "Postal Service") in violation of Title VII of the Civil Rights Act of 1964, as amended. See 42 U.S.C. § 2000e et seq. He also alleged that the Union provided inadequate representation at his arbitration hearing. The Union was not named as a defendant in his complaint. The district court interpreted plaintiff's claim of inadequate representation as a hybrid action under 39 U.S.C. § 1208(b) against the Union for breach of the duty of fair representation and against the Postal Service for breach of contract.
 
 
 6
 The district court granted the defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). The district court's opinion, as amended, dismissed plaintiff's Title VII action for lack of subject matter jurisdiction because Evans failed to exhaust his administrative remedies. The court dismissed the hybrid action because the action was time-barred.
 
 
 7
 On appeal, Evans argues that the district court failed to consider his motion for appointment of counsel, did not allow him to answer the government's motion for dismissal of his Title VII claim, and that the judgment of the district court was in error.
 
 
 8
 We review the grant of a motion to dismiss pursuant to Fed.R.Civ.P. 12(c) de novo. Sheppard v. Beerman, 18 F.3d 147, 150 (2d Cir.1994). The district court properly dismissed plaintiff's Title VII claim. Pursuant to 42 U.S.C. § 2000e-16, a federal employee may not litigate a Title VII claim in federal court unless his claim was properly investigated by the agency's Equal Employment Opportunity ("EEO") office. See Stewart v. INS, 762 F.2d 193, 197 (2d Cir.1985). There is no evidence that Evans pursued his administrative remedies beyond an initial contact with an EEO counselor, who provided Evans with the appropriate forms for filing an administrative complaint. Evans concedes that he received no "right to sue" letter from the EEO Commission.
 
 
 9
 The district court properly dismissed plaintiff's hybrid action against the Postal Service because his claim is time-barred. A six-month statute of limitations applies to hybrid actions under 39 U.S.C. § 1208(b). See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 172 (1983). Evans alleges that the Union failed to represent him properly at his arbitration hearing on October 4, 1993. He did not file his suit until September 8, 1994, almost a year later. The district court properly found that Evans failed to file suit before expiration of the time period for filing a hybrid action.
 
 
 10
 We also find that the district court did not err in refusing to decide the plaintiff's request for assignment of counsel. The district court returned plaintiff's letter requesting counsel with the instruction to provide copies to opposing counsel because the court may not engage in ex parte contacts with parties to a case. There is no evidence that plaintiff refiled his letter.
 
 
 11
 Evans presents no support for his allegation that the district court did not allow him to oppose the government's motion to dismiss his Title VII claim. His allegation is without merit. The plaintiff did file a "Memorandum of Law in Opposition," which appears to present plaintiff's argument that he did not fail to exhaust his administrative remedies.
 
 
 12
 We have considered all of petitioner's contentions on this appeal and have found them to be without merit. For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.
 
 
 
 *
 The Honorable Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit, sitting by designation